### JAMES F. PARKER *vs.* SULLIVAN MOORE.

Worcester.   October 7. — 22, 1875.   WELLS & AMES, JJ., absent.

The owner of a parcel of land in S., with a hotel thereon known as the E. House, and of an adjoining estate, conveyed the latter estate reserving a right of way over it to the hotel estate; and afterwards conveyed the hotel estate by metes and bounds to T., who afterwards conveyed it to the defendant, who released the right of way to the owner of the adjoining estate, and afterwards conveyed the hotel estate to the plaintiff by a deed, in which the description was as follows: "A certain tract of land in S., being the premises known as the E. House, and the same premises bounded and described in the deed of T. to the grantor, to which deed reference may be had for a more particular description of the said premises." The deed of T. to the defendant contained a similar description, and referred to the deed from his grantor. None of these deeds described or referred to the right of way. *Held*, that although the right of way passed by the deed to T. and by his deed to the defendant, as an appurtenance of the estate, yet that it was not included in the description in the deed to the plaintiff.

CONTRACT for breach of the covenant of seisin contained in a deed from the defendant to the plaintiff. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon an agreed statement of facts, the substance of which appears in the opinion.

*A. J. Bartholomew*, for the defendant.

*F. P. Goulding & J. M. Cochran*, for the plaintiff.

MORTON, J. The only question presented in this case is whether there was a breach of the covenant of seisin contained in the deed of the defendant to the plaintiff, dated February 1, 1872. On May 1, 1860, William Edwards, being the owner of the premises in question, called the "Edwards House," and of the adjoining estate, conveyed the adjoining estate to John Edwards, by a deed in which the said William reserved to himself, his heirs and assigns, "the right to pass up and down the stairs

leading to said hotel, and through the entry ways to the several rooms in said hotel adjoining the said stairs and entry, at all times during business hours, whenever said rooms in said hotel shall be rented for offices." This reservation created an easement or servitude upon the adjoining estate in favor of the Edwards House estate. On September 25, 1861, William Edwards conveyed the Edwards House estate to Purlin J. Turner, and on January 28, 1867, said Turner conveyed the same estate to Sullivan Moore, the defendant. We assume, for the purposes of this case, that the two last named deeds conveyed the said easement or servitude as an appurtenance of the land conveyed. On February 14, 1870, the defendant released to John Edwards the said easement, and on February 1, 1872, made the deed to the plaintiff, upon the covenants in which this action is brought. The effect of the defendant's release was to extinguish the easement, and, of course, it ceased to be an appurtenance of the Edwards House estate, and the defendant had no power to convey it. If in the deed of the plaintiff the description of the premises conveyed includes this easement, there was a breach of the covenant of seisin. The only question, therefore, is, whether upon the fair construction of the deed it purports to convey the easement; and we are of opinion that it does not.

The description is as follows: "A certain tract of land, situated in the centre village of said Southbridge, on Main Street, being the premises known as the Edwards House, and the same premises bounded and described in the deed of Purlin S. Turner to the grantor, dated January 26, A. D. 1867, and recorded in the registry of deeds for said county, book 807, page 387, to which deed reference may be had for a more particular description of the said premises, and the aqueduct right connected with said premises is also hereby conveyed therewith. And said premises are also conveyed subject to all the restrictions named in the deed referred to in the deed aforesaid." The deed of Turner contains a similar description of the tract of land, and refers to the deed from Edwards to him for a more full description. The deed from Edwards describes the tract of land by metes and bounds. It is important to be observed that neither of these deeds describes or refers to the easement in question. It passed by the deeds of Edwards and Turner, not because it was de-

scribed therein, but because it was an existing appurtenance annexed to the land described. After it was severed and extinguished, a conveyance of the same land by the same or a similar description would not imply that the parties intended or attempted a conveyance of the easement unless such intention appears in the deed. We find nothing in the plaintiff's deed, which shows such an intention. The description does not necessarily include the easement; it is fully met and answered by the tract of land without the easement. The deed does not purport to convey the premises conveyed to the grantor by the deed of Turner, but a certain tract of land bounded and described in the Turner deed. Such is the fair construction of the language, and it is aided by the fact that the deed contains an express conveyance of " the aqueduct right," which, as the aqueduct right was included in the conveyance from Turner, would have been unnecessary if the parties had intended and understood that the former clause should convey all the premises conveyed to the grantor by Turner. We are of opinion that the description in the deed to the plaintiff does not include the easement in question, and therefore that the plaintiff has shown no breach of the covenants of that deed.

*Judgment for the defendant.*